# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIRST CIRCUIT

### APPEALS NO. 23-1964, 25-1020

### UNITED STATES,
Appellee,

### v.

### FÉLIX VERDEJO-SÁNCHEZ,
Defendant–Appellant.

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

## UNITED STATES' MOTION TO STRIKE THE APPELLANT'S MOTIONS CHALLENGING JURISDICTION

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

## TO THE HONORABLE COURT:

In a quartet of *pro se* filings, Félix Verdejo-Sánchez moved this Court to (i) remove Attorney Ignacio Fernández de Lahongrais as his counsel on appeal, (ii) stay the briefing schedule, (iii) "invoke" its "supervisory power," and (iv) dismiss his indictment. *See* Motions, *United States v. Verdejo-Sánchez*, No. 23-1964, 25-1020 (1st Cir. Mar. 24, 2025). The United States now moves to strike Verdejo's latter two requests.

Verdejo's attempts to dismiss the indictment underlying his convictions—by challenging federal jurisdiction—contravene an Order of this Court. Earlier this year, Verdejo, proceeding *pro se*, moved this Court to dismiss

his indictment on the same grounds. *See* Motion, *United States v. Verdejo-Sánchez*, No. 23-1964, 25-1020 (1st Cir. Jan. 27, 2025). This Court denied that motion "without prejudice to assertion of any relevant argument *in defendant's brief.*" Order, *United States v. Verdejo-Sánchez*, No. 23-1964, 25-1020 (1st Cir. Feb. 24, 2025) (emphasis added). So, this Court expressly instructed Verdejo to assert his jurisdictional arguments via an opening brief rather than via pre-briefing motions. Because Verdejo's renewed motions flout that Order, this Court should strike them.[1]

If more were needed, this Court in February also admonished Verdejo that he was "represented by counsel in this appeal and should proceed through counsel." Order, *United States v. Verdejo-Sánchez*, No. 23-1964, 25-1020 (1st Cir. Feb. 24, 2025). Verdejo as of now remains represented by Attorney Fernández and should be held to comply with this Court's directive to proceed through him when raising substantive arguments attacking his convictions.[2]

---

[1]	In the alternative, Verdejo can cure his noncompliance if he asks that the Court construe these filings as his opening brief.

[2]	This holds true even though Verdejo moved to remove Attorney Fernández as his counsel and the latter subsequently moved for leave to withdraw as counsel too. *See* Motion, *United States v. Verdejo-Sánchez*, No. 23-1964, 25-1020 (1st Cir. Mar. 23, 2025); Motion, *United States v. Verdejo-Sánchez*, No. 23-1964, 25-1020 (1st Cir. Mar. 25, 2025). Attorney Fernández is Verdejo's counsel of record until this Court orders otherwise.

Verdejo's jurisdictional challenge to the indictment underlying his convictions is thus not rightly before this Court. His motions to that effect should accordingly be stricken from the record.

Nevertheless, Verdejo's arguments are without merit.[3] Federal courts have jurisdiction to adjudicate a criminal charge so long as "the indictment alleges an offense under U.S. criminal statutes." *United States v. Prado*, 933 F.3d 121, 134 (2d Cir. 2019). *See* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."). "[T]he standard for the sufficiency of an indictment is not demanding," *United States v. Balde*, 943 F.3d 73, 89 (2d Cir. 2019), and requires little more than that the indictment "track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime," *United States v. Stringer*, 730 F.3d 120, 124 (2d Cir. 2013). *See United States v. Vega-Martinez*, 949 F.3d 43, 49 (1st Cir. 2020) (stating that an indictment must provide enough to inform a defendant of the charges against them). The superseding indictment here, which tracks the language of

---

[3]     The United States reserves the right to contest Verdejo's arguments in detail when he properly raises them or at any time that this Court orders it to. To that effect, the United States will file a separate motion to stay the deadline for responding, or extend the time to respond, to Verdejo's jurisdictional challenge motions pending resolution of this Motion to Strike.

the charged offenses and lays out the pertinent facts, plainly meets that standard.

**WHEREFORE**, it is respectfully requested that this Honorable Court of Appeals strike Verdejo's renewed motions seeking to dismiss his indictment on jurisdictional grounds.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 3rd day of April 2025.

W. Stephen Muldrow
United States Attorney

Mariana E. Bauzá-Almonte
Assistant United States Attorney
Chief, Appellate Division

/s/ Ricardo A. Imbert-Fernández
Assistant United States Attorney
United States Attorney's Office
Torre Chardón, Suite 1201
350 Carlos Chardón Avenue
San Juan, Puerto Rico 00918
Tel. (787) 766-5656
Fax (787) 771-4050

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 3, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to counsel for the appellant.

/s/ Ricardo A. Imbert-Fernández
Assistant United States Attorney